THE CITY OF PENSACOLA, APPELLANT, VS. WM. T. BELL, APPELLEE.

A petition filed under section 4, of chapter 151, Laws of Florida, to have a tax assessment declared illegal, must show that the illegality exists at the time it is filed. Where it shows that an alleged illegality has been corrected, it is demurrable.

Appeal from the Circuit Court for Escambia County.

The following opinion was filed at the June Term, 1885, but upon petition of appellee a rehearing was granted and the cause continued. The opinion on the rehearing

was delivered at the June Term, 1886, and follows the original opinion herein.

The facts of the case are stated in the opinion.

*J. D. Thompson* for Appellant.

*W. A. Blount* for Appellee.

MR. JUSTICE RANEY delivered the opinion of the court:

This is an appeal from an order adjudging an assessment of taxes to be illegal.

The facts are as follows: The appellee filed on the 15th day October, 1884, a petition alleging that he is owner of real and personal property in the city of Pensacola, that the Tax Collector had demanded payment of city taxes for the year 1883 upon "his said respective property" at the rate of one per cent. upon the assessed valuation for general municipal purposes, and a half of one per cent. for the sinking fund and interest on bonded indebtedness, and two mills for the support of the fire department; that he is advised and believes and avers that the assessment roll for such year, turned over to the collector by the assessor and upon which the city, through its collector, bases its right to collect the taxes, is illegal and void in that the Tax Assessor did not, as required by law, before the delivery of the assessment roll by him to the collector, calculate and carry out the several assessments of such taxes in separate columns prepared for that purpose in the assessment roll, setting opposite to the several sums set down as the valuation of real and personal estate the taxes thereon in dollars and cents, "nor has the said city ever made any pretence to make or cause to be made such calculation and carrying out, or the said assessment roll ever contained such calcu-

lations and carrying out of said taxes, until the month of September, A. D. 1884, when said city made or caused to be made the said calculations and carrying out of said taxes in separate columns prepared for that purpose in the assessment roll as required by law."

The Collector answered, admitting that the city had demanded payment of the taxes amounting to $70.21, and alleging that prior to the filing of the petition, and before the Collector had made any demand for payment, "the Tax Assessor for said city of Pensacola had made an assessment of the taxes of said city in which assessment roll the said Assessor had calculated and carried out the several amounts of such taxes in separate columns prepared for that purpose in the assessment roll, and added up all the columns, assessment and taxes, in the said assessment roll, which said assessment roll, with the assessor's warrant, was duly given to said collector for the collection of all taxes therein enumerated and set forth," and "that the said assessment roll having been turned over and delivered to the said Collector," he " was then and there bound by law to proceed by levy and sale to collect said taxes."

The answer was demurred to by appellee as insufficient, and upon argument the demurrer was sustained and the order indicated above, adjudging the assessment illegal, entered.

The demurrer admits the truth of the facts alleged in the answer.

Looking at the petition alone we are unable to perceive that it shows that any illegality existed in the assessment at the time the petition was filed, or after the month of September. The answer shows that the defects alleged to have existed prior to September were cured and that the Collector held a roll and warrant in which there were no such defects.

The judgment is reversed and the cause remanded with directions to enter judgment upon the demurrer, as extending back to the petition, in favor of the appellant, with leave to appellee to amend, if proper showing therefor be made.

1. A petition filed under section 4 of chapter 151, Laws of Florida, to have a tax assessment declared illegal, must show that the illegality existed at the time it is filed. (Where it shows that an alleged illegality has been corrected, it is demurrable.)